UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNAMARIE HOLZKNECHT,

                Plaintiff,

      -against-

PARKCHESTER PRESERVATION MANAGEMENT LLC, and PARKCHESTER DEPARTMENT OF PUBLIC SAFETY LLC d/b/a PARKCHESTER DPS LLC

                Defendants.

Index:

**COMPLAINT**

---

Plaintiff, ANNAMARIE HOLZKNECHT, by her undersigned attorneys, Leonard Zack & Associates, as and for her amended complaint respectfully alleges as follows:

## THE PARTIES

1. Plaintiff, ANNAMARIE HOLZKNECHT ("Plaintiff" or "Holzknecht") is a natural person residing at 1092 Rhinelander Ave., Bronx, New York 10461.

2. Defendant PARKCHESTER PRESERVATION MANAGEMENT LLC ("Defendant Management") is a corporation duly incorporated and existing under the laws of the State of New York and licensed to do business in the State of New York. Defendant Management owns and operates a private residential community consisting of residential buildings and commercial spaces ("Parkchester Community"). Defendant Management maintains its principal place of business at 2000 East Tremont Ave., Bronx, New York 10462.

3. Defendant PARKCHESTER DEPARTMENT OF PUBLIC SAFETY LLC d/b/a PARKCHESTER DPS LLC ("Defendant DPS") is a corporation duly incorporated and existing under the laws of the State of New York and licensed to do business in the

State of New York. Defendant DPS maintains its principal place of business at 2000 East Tremont Ave., Bronx, New York 10462.

4. Defendants are privately owned entities that operate as a single business enterprise. Defendants provide public safety and law enforcement services to the Parkchester Community in the Bronx, New York.

5. Defendants Management and DPS are employers in an industry affecting commerce as defined in 29 U.S.C. Sec.142(1) and (3) and 29 U.S.C. Sec.152(5), and within the meaning of 29 U.S.C. Sec.185. Defendants qualifying annual business exceeds $500,000 annually, and the Defendants use goods, equipment, and other materials that originated in states other than New York, such as computers, weapons, communication devices, uniforms, and supplies. Defendants also conduct activity across state lines by advertising vacancies for both employment and residences within their complex and attracting residents and employees from outside New York. As such, the Defendants are subject to the Federal Labor Standards Act and its overtime requirements.

6. At all times relevant herein, Ms. Holzknecht worked for the Defendants in the Bronx and was an employee as defined by the FLSA, New York Labor Law, and New York Codes, Rules, and Regulations.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions relating to the deprivation of Plaintiff's rights under 29 U.S.C. § 201, *et seq.* Supplemental jurisdiction over Plaintiff's New York law claims is invoked pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. §1391(b) in that both Defendants transact business within this District and because a substantial part of the events or omissions giving rise to this action including unlawful employment practices alleged herein occurred in this District.

### **FACTUAL ALLEGATIONS**

9. Plaintiff was employed by the Defendants from approximately 2008 until her termination on or about November 2018 as a 9/11 Dispatcher.

10. Ms. Holzknecht was initially scheduled to work an 8:00 A.M. to 4:00 P.M. shift. The Defendants eventually began scheduling her to work from 4:00 P.M. to 12:00 A.M. Ms. Holzknecht frequently worked outside of these scheduled hours as demanded by the Defendants.

11. Throughout Ms. Holzknecht's employment, the Defendants willfully failed to pay her, an hourly employee, all of the wages lawfully due to her under the FLSA and the NYLL.

12. Throughout the entirety of her employment, the Defendants required Ms. Holzknecht to work in excess of forty hours each week, or most weeks, by requiring her to report to work early or stay thirty or more minutes later than the scheduled end of her shift.

13. Defendants failed to pay Ms. Holzknecht at the statutorily-required overtime rate for this time, and instead granted Ms. Holzknecht compensatory time ("comp time"). This comp time was meant to compensate Ms. Holzknecht for the additional time she worked pre-shift and post-shift. The comp time granted to Ms. Holzknecht did not consider the actual amount of overtime hours that she worked each week.

14. The Defendants failed to pay Ms. Holzknecht the statutorily required overtime rate of one and one-half times her straight rate for all additional time worked outside of her

regularly scheduled hours. Instead, the Defendants improperly compensated Ms. Holzknecht in comp time at her straight time rate.

15. The Defendants consistently failed to to provide Ms. Holzknecht with accurate wage statements as required by the NYLL. Instead, the statements the Defendants provided to Ms. Holzknecht did not reflect all of the hours she worked per week.

16. Defendants are and have been aware of the requirements to pay Ms. Holzknecht at an amount equal to the rate of one and one-half times her respective rate of regular pay for all hours worked each workweek above forty hours, yet the Defendants purposefully and willfully chose not do so.

## AS AND FOR A FIRST CAUSE OF ACTION
(Unpaid Overtime Under the FLSA)

17. Plaintiff repeats and re-alleges each and every allegation mentioned and set forth above as if set forth verbatim herein.

18. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked which exceed forty hours in a given workweek.

19. As described above, Defendants are employers within the meaning of the FLSA, and Ms. Holzknecht is an employee within the meaning of the FLSA.

20. Ms. Holzknecht worked in excess of forty hours per week, yet the Defendants failed to compensate her in accordance with the FLSA's overtime provisions.

21. The Defendants' violations of the FLSA were willful.

22. In light of the the foregoing, Ms. Holzknecht is entitled to overtime pay for all hours worked per week in excess of forty hours at the rate of one and one-half times her

regular rate of pay. Ms. Holzknecht is also entitled to liquidated damages and attorneys' fees for the Defendants violations of the FLSA's overtime provisions.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unpaid Overtime Under the NYLL and the NYCRR)

23. Plaintiff repeats and re-alleges each and every allegation mentioned and set forth above as if set forth verbatim herein.

24. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate notless than one and one-half times the employees' regular rate of pay for any hours worked exceeding forty hours in a workweek.

25. The Defendants are employers within the statutory definition provided by the NYLL and NYCRR. Ms. Holzknecht is an employee within the meaning provided by the NYLL and NYCRR.

26. The Defendants failed to compensate Ms. Holzknecht for the hours she worked in excess of forty hours per workweek, in violation of the NYLL and the NYCRR's overtime provisions.

27. In light of the the foregoing, Ms. Holzknecht is entitled to overtime pay for all hours worked per week in excess of forty hours at the rate of one and one-half times her regular rate of pay. Ms. Holzknecht is also entitled to liquidated damages, interest, and attorneys' fees for the Defendants violations of the NYLL and NYCRR's overtime provisions.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Furnish Proper Wage Statements in Violation of the NYLL)

28. Plaintiff repeats and re-alleges each and every allegation mentioned and set forth above as if set forth verbatim herein.

29. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employers pays wages to the employee.

30. On each payday, as described above, the Defendants failed to furnish Ms Holzknecht with wage statements accurately containing the criteria required under the NYLL.

31. Pursuant to NYLL § 198 (1-d), the Defendants are liable to Ms. Holzknecht in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

  i. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York Laws;

  ii. An award for all damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

  iii. Liquated damages and any other statutory penalties as recoverable under the FLSA, NYLL, and NYCRR;

  iv. The costs of the action and attorney's fees, together with interest, to the full extent permitted by law;

  v. All such further relief as the Court may deem just and proper, including but not limited to, punitive damages.

Dated: 6/24/2019
New York, New York

_____
Leonard Zack, Esq.
**LEONARD ZACK & ASSOCIATES**
Attorneys for Plaintiff
505 Park Avenue, 18th Floor
New York, NY 10022
(212) 754-4050

7